IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA ROJAS, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| RENFRO INDUSTRIES, INC., § | CIVIL ACTION NO. 3:16-CV-02896-D | |
| DISPUTE SOLUTIONS, INC. and § | | |
| ESSENTIAL CORPORATE § | | |
| SOLUTIONS, INC., § | | |
|     Defendants. § | | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Subject to and without waiving its rights to arbitration and to compel arbitration, Defendant Renfro Industries, Inc. ("**Renfro**"), joined by Defendants Dispute Solutions, Inc. ("**DSI**") and Essential Corporate Solutions, Inc. ("**ECS**"), file the following Response, Defendants' Brief In Support to Plaintiff's Motion To Remand ("**Defendants' Brief**") and Appendix in Support of Defendants' Response to Plaintiff's Motion to Remand ("**Appendix**") and would show the Court as follows:

    1.    As explained in Defendants' accompanying Brief In Support as well as in Defendants' Notice of Removal, Plaintiff's First Amended Original Petition ("**FAOP**") expressly asserts claims against Renfro Industries, Inc. ("**Renfro**") in it capacity as Plan Administrator of the Renfro Industries, Inc. Employee Injury Benefit Plan (the "Plan"), an employee welfare benefit plan for occupational injuries voluntarily established by Renfro under the Employee Retirement Income Security Act of 1974 ("**ERISA**").

    2.    Plaintiff's FAOP asserts claims for nondisclosure and fraudulent inducement, contending that Renfro, as Plan Administrator, failed to disclose certain information in the Plan's Summary Plan Description ("**SPD**") when Plaintiff elected to agree to the terms of an Election

And Arbitration Agreement in order to become a Participant in the Plan and eligible for the Plan's benefits for on-the-job injuries at Renfro.

3.  Although Plaintiff's claims for fraudulent inducement, fraud by nondisclosure, conspiracy and for injunctive relief do not fall within the scope of 29 U.S.C. §1132(a)(1)(B), they **_DO_** fall within the scope of 29 U.S.C. §1132(a)(2), §1109, and §1132(a)(3), and are thus completely preempted by ERISA.  As a result this Court has jurisdiction as required by 29 U.S.C. §1132(e)(1).  Plaintiff's Motion to Remand must be denied.

WHEREFORE, Defendants pray that Plaintiff's Motion to Remand be denied, and Defendants granted such other and further relief to which they may be entitled.

Respectfully submitted,

**/s/ Gary D. Sarles_____**
Gary D. Sarles
Texas Bar No. 17651100
Email: gsarles@sarleslaw.com
O. Paul Dunagan
Texas Bar No. 06202700
Email: dunagan@sarleslaw.com

**SARLES & OUIMET**
900 Jackson Street, Suite 370
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306
**ATTORNEY FOR DEFENDANT
RENFRO INDUSTRIES, INC.**

**/s/ Curtis L. Marsh_____**
Curtis L. Marsh
Texas Bar No. 13020050
Email: curtis.marsh@airmail.net

**THE LAW FIRM OF CURTIS MARSH, PLLC**
900 Jackson Street, Suite 370
Dallas, Texas 75202
214.573.6310

214.752.1140 FAX
**ATTORNEY FOR DEFENDANTS ESSENTIAL CORPORATE SOLUTIONS, INC. and DISPUTE SOLUTIONS, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of December, 2016, a true and correct copy of the above and foregoing Defendants' Response to Plaintiff's Motion to Remand was served via the Court's ECF system on Plaintiff's counsel of record:

Clay Miller, Esq.
Lawrence R. Lassiter, Esq.
Miller Weisbrod, LLP
11551 Forest Central Drive
Forest Central II, Suite 300
Dallas, Texas 75231
cmiller@millerweisbroad.com
llassiter@millerweisbroad.com

Houston Smith, Esq.
Law Offices of Houston M. Smith, PC
210 East Moore
Terrell, Texas 75160
houstonsmith@aol.com

                                      **/s/ Gary D. Sarles**
                                      Gary D. Sarles