IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA ROJAS,            § | | |
|     Plaintiff,         § | | |
| § | | |
| v.                      § | | |
| § | | |
| RENFRO INDUSTRIES, INC., § | CIVIL ACTION NO. 3:16-CV-02896-D | |
| DISPUTE SOLUTIONS, INC. and § | | |
| ESSENTIAL CORPORATE     § | | |
| SOLUTIONS, INC.,        § | | |
|     Defendants.       § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Subject to and without waiving its rights to arbitration and to compel arbitration, Defendant Renfro Industries, Inc. ("**Renfro**"), joined by Defendants Dispute Solutions, Inc. ("**DSI**") and Essential Corporate Solutions, Inc. ("**ECS**"), file the following Response to Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support ("**Plaintiff's Motion**"), and would show the Court as follows:

1. Plaintiff's proposed Second Amended Complaint ("**SAC**") would only delete the following sentence from ¶¶6.07 and 7.07 of her First Amended Original Petition ("**FAOP**"):

> Renfro had a duty to disclose the information, *inter alia*, because, as an administrator of a Plan it claimed was created under the federal Employee Retirement Income Security Act of 1974 ("ERISA"), Renfro was a fiduciary and therefore had a fiduciary relationship with Rojas, a beneficiary of the Plan.

<u>Compare</u> Plaintiff's FAOP at ¶¶6.07 & 7.07 <u>with</u> Plaintiff's SAC at ¶¶6.07 & 7.07.

2. Paragraph 3 of Plaintiff's Motion asserts that her SAC "does not assert any new causes of action or any new facts," and asserts that her SAC "removes any reference to ERISA or to Defendant Renfro Industries, Inc. being a fiduciary." Plaintiff's Motion represents that "[t]here are no other substantive changes." *Plaintiff's Motion at ¶3*.

3. This Court often allows plaintiffs to amend their pleadings to delete federal claims in order to obtain a remand of a removed case like this one, including in ERISA cases. *See, e.g., Burnett v. Petroleum Geo-Services, Inc.*, 2013 WL 1723011, 2013 U.S. Dist. LEXIS 57366 (N.D. Tex. April 22, 2013)(Fitzwater, C.J.); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2013 WL 6153273, 2013 U.S. Dist. LEXIS 166208 at *4 (N.D. Tex. Nov. 22, 2013) (Fitzwater, C.J.). However, as this Court has long recognized, when plaintiffs attempt to amend their complaint to delete any basis for complete preemption under ERISA §502(a), "they cannot circumvent the preemptive reach of ERISA by artful pleading." *Roark v. Humana, Inc.*, 2001 U.S. Dist. LEXIS 7554, 2001 WL 585874 at 1 (N.D. Tex. May 25, 2001)(Fitzwater, J.). Federal courts "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Id.* (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)).

4. As set forth in detail in Defendants' Brief in Support of Their Response to Plaintiff's Motion to Remand ("**Defendants' Brief**") filed today, Plaintiff's claims are completely preempted by ERISA §§502(a)(2), 409 and 502(a)(3). Complete preemption "'exists when a remedy falls within the scope of or is in direct conflict with 29 U.S.C. §1132(a), and therefore is within the jurisdiction of federal court.'" *Kirkindoll v. Nat'l Credit Union Admin Bd.*, 2014 WL 7178005, 2014 U.S. Dist. LEXIS 174675 at 8 (N.D. Tex. Dec. 17, 2014) (Fitzwater, J.)(quoting *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002)).

5. Defendants contend that although Plaintiff's proposed SAC would delete Plaintiff's use of the acronym and her overt reference to ERISA from her pleading, the SAC's nondisclosure, fraudulent inducement, conspiracy and injunction claims would continue to be completely preempted by ERISA §§502(a)(2), 409 and 502(a)(3). Although Plaintiff's Motion

asserts that the SAC would remove any reference to Renfro "being a fiduciary," *Plaintiff's Motion at ¶3*, deletion of the word "fiduciary" from the SAC no more eliminates the concept than does deleting the acronym "ERISA."

6. As set forth in Defendants' Brief, it is undisputed that Renfro adopted the Plan on July 15, 2012, that Renfro is the Plan Administrator under 29 U.S.C. §1002(16) and the Plan's "Named Fiduciary" under 29 U.S.C. §1102(a), and that Plaintiff became a Plan "Participant" on August 6, 2012 under 29 U.S.C. §1002(7). As shown on pages 5-6 of Defendants' Brief, the Renfro Plan is a welfare benefit plan governed by ERISA. Under ERISA §502(a)(2), a plan participant may seek "appropriate relief under section 409" against an ERISA fiduciary for a breach of fiduciary duty committed while a fiduciary. On or before August 6, 2012, when Renfro offered the Election And Arbitration Agreement to Plaintiff to become a Plan Participant and purportedly failed to disclose the relationship between DSI and Renfro, *SAC at ¶¶6.05, 6.06, 7.05 & 7.06*, Renfro owed a fiduciary duty under ERISA as the Plan's Plan Administrator and "Named Fiduciary," whether the SAC expressly so states or not.

7. Moreover, the SAC does expressly so state. Plaintiff repeatedly throughout the SAC judicially admits that Renfro was the Plan Administrator. In the "Factual Statement" incorporated into each cause of action, and again in each of Plaintiff's ERISA-preempted causes of action—alleging fraudulent nondisclosure, fraudulent inducement, conspiracy and injunction—Plaintiff continues to sue Renfro in its capacity as the Plan Administrator. *See SAC at ¶4.06 ("Renfro did offer an 'Employee Injury Benefit Plan' (the 'Renfro Plan') with Renfro as the plan administrator."), ¶6.02 ("Renfro was the administrator of the Renfro Plan."), ¶7.02 ("Renfro was the administrator of the Renfro Plan."), ¶8.02 ("Renfro was the administrator of the Renfro Plan.") & ¶9.02 ("Renfro was the administrator of the Renfro Plan.").*

8.  Because the SAC makes no allegation of oral communications between Renfro and Plaintiff, Plaintiff's SAC also continues to base its fraudulent nondisclosure and inducement claims on the partial disclosure of information that came to Plaintiff about the Plan from only one source—the Plan's SPD.  In Paragraphs 4.06, 6.02, 7.02, 8.02 and 9.02 of the SAC, Plaintiff continues to expressly complain about the adequacy of the disclosure about arbitration in Section II of the SPD.  In Paragraphs 6.07-6.10, 7.07-7.10 and 8.06 of the SAC, Plaintiff also continues to allege that, "***in the documentation provided to Rojas***," *SAC at ¶¶6.09 & 7.09 (emphasis added)*, "the information Renfro did disclose regarding the arbitration procedures conveyed a false impression regarding the impartiality of DSI." *Id. at ¶¶6.09 & 7.09.*  The "documentation provided to Rojas" was the Plan's ERISA-required SPD.  In short, Plaintiff's SAC continues to assert that the Plan's ERISA-required SPD failed to disclose information required by 29 U.S.C. §1022(a), a claim against Renfro as "administrator of the Renfro Plan" that "falls within the scope of" 29 U.S.C. §1132(a)(2) for breach of fiduciary duty under 29 U.S.C. §1109(a).  <u>See</u> *Singletary v. United Parcel Service, Inc.*, 828 F.3d 342, 348 (5th Cir. 2016)(citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252-53, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993)).

9.  Although the SAC's claims are completely preempted by ERISA §502(a) and conflict preempted by ERISA §514(a), and Plaintiff's proposed amendment seems futile to accomplish the remand purpose of her amendment, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), Defendant's acknowledge the Court's broad discretion under Rule 15(a). *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971).  Under the circumstances and after the denial of Plaintiff's Motion to Remand, the option offered by the Court to the plaintiffs in *Paragon Office Servs., LLC*, 2013 U.S. Dist. LEXIS 166208 at *5-6, appears an apt alternative to denial of Plaintiff's Motion to file the SAC.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that, following the Court's denial of Plaintiff's Motion to Remand, the Court either deny on grounds of futility Plaintiff's Motion for leave to file her proposed Second Amended Petition or, alternatively, give Plaintiff the option of not filing it. Defendants also request such other or further relief to which they may be entitled.

Respectfully submitted,

**/s/ Gary D. Sarles**
Gary D. Sarles
Texas Bar No. 17651100
Email: gsarles@sarleslaw.com
O. Paul Dunagan
Texas Bar No. 06202700
Email: dunagan@sarleslaw.com

**SARLES & OUIMET**
900 Jackson Street, Suite 370
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306
**ATTORNEY FOR DEFENDANT
RENFRO INDUSTRIES, INC.**


**/s/ Curtis L. Marsh**
Curtis L. Marsh
Texas Bar No. 13020050
Email: curtis.marsh@airmail.net

**THE LAW FIRM OF CURTIS MARSH, PLLC**
900 Jackson Street, Suite 370
Dallas, Texas 75202
214.573.6310
214.752.1140 FAX
**ATTORNEY FOR DEFENDANTS ESSENTIAL CORPORATE SOLUTIONS, INC. and DISPUTE SOLUTIONS, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 5th day of December, 2016, a true and correct copy of the above and foregoing Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support served via the Court's ECF system on Plaintiff's counsel of record:

Clay Miller, Esq.
Lawrence R. Lassiter, Esq.
Miller Weisbrod, LLP
11551 Forest Central Drive
Forest Central II, Suite 300
Dallas, Texas 75231
cmiller@millerweisbroad.com
llassiter@millerweisbroad.com

Houston Smith, Esq.
Law Offices of Houston M. Smith, PC
210 East Moore
Terrell, Texas 75160
houstonsmith@aol.com

                                              **/s/ Gary D. Sarles**
                                              Gary D. Sarles