**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIA ROJAS,** | § | |
|     Plaintiff, | § | |
| | § | |
| **V.** | § | |
| | § | No. 3:16-cv-02896-D |
| **RENFRO INDUSTRIES, INC.,** | § | |
| **DISPUTE SOLUTIONS, INC. AND** | § | |
| **ESSENTIAL CORPORATE** | § | |
| **SOLUTIONS, INC.** | § | |
|     Defendants. | § | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Clay Miller
State Bar No. 00791266
cmiller@millerweisbrod.com
Lawrence R. Lassiter
State Bar No. 11969850
llassiter@millerweisbrod.com
MILLER WEISBROD, LLP
11551 Forest Central Drive
Forest Central II, Suite 300
P. O. Box 821329 (75382)
Dallas, Texas 75231
(214) 987-0005
(214) 987-2545 (Facsimile)

Houston Smith
houstonsmith@aol.com
LAW OFFICES OF HOUSTON M. SMITH, P.C.
210 East Moore
Terrell, Texas 75160
(972) 524-1903
(972) 524-1992– FAX

ATTORNEYS FOR PLAINTIFF

Maria Rojas, Plaintiff, submits this Reply in Support of her Motion to Remand, and would respectfully show the Court as follows:

**Preliminary Statement**

Defendants have conceded that under *Davila* and this Court's precedents, none of Rojas' claims fall within the scope of ERISA section 502(a)(1)(B). (Defendants' Brief at 9; ECF # 17.) Having recognized this reality, Defendants attempt to recharacterize Rojas' allegations as claims under sections 502(a)(2) and 502(a)(3). But Rojas' claims against Defendants are not claims under those provisions. While reciting boilerplate generalities about ERISA preemption, Defendants ignore the holdings in on-point decisions from the Fifth Circuit and this Court rejecting the very arguments they are making.

There is no authority for the proposition that Rojas' claims for fraudulent inducement, nondisclosure, and conspiracy, based as they are on state-law duties to disclose information and not on any requirements imposed by ERISA, are actually in substance claims under either section 502(a)(2) or 502(a)(3). That Renfro is an ERISA fiduciary is not, by itself, sufficient to transform Rojas' state-law claims into federal claims under either of those provisions. To adjudicate Rojas' claims, a court need not interpret an ERISA plan or inquire into the administration of such a plan. Rojas has not alleged that ERISA imposed on Renfro an obligation to include in the summary plan description the information she claimed Renfro did not disclose, and the statutes governing summary plan descriptions impose no such requirement. The disclosure obligation instead arises solely from Texas law, not from anything in ERISA. Similarly, section 502(a)(3) is inapplicable as Rojas is not seeking an injunction to enforce either ERISA or the terms of an ERISA plan. Because Defendants have failed to carry their burden of establishing that Rojas' claims are completely preempted by

**Reply in Support of Plaintiff's Motion to Remand – Page 1**

ERISA, this Court should grant her motion to remand and send this case back to Texas state court where it belongs.

## Argument

### A. Rojas' Claims do not Require Either Plan Interpretation or Administration and are not Preempted by Section 502(a)(2).

Rojas' claims are not claims under section 502(a)(2). In arguing that Rojas' claims are actually claims preempted under section 502(a)(2), Defendants cite the Fifth Circuit's decision earlier this year in *Singletary v. United Parcel Service, Inc.,* 828 F.3d 342 (5th Cir. 2016). (Defendants' Brief at 12.) The plaintiff in *Singletary* alleged that the plan documents did not disclose that there was an "active-duty exclusion" in an insurance policy covering her husband, a soldier who was killed in accident while off base. *Singletary,* 828 F.3d at 348. The court, in dicta, indicated that the plaintiff could have brought a claim under section 502(a)(2) based on the plan administrator's failure to comply with its statutory obligation to provide a summary plan description ("SPD") compliant with 29 U.S.C. section 1022. Unlike the plaintiff in *Singletary,* who alleged that a critical term of the plan was omitted from the SPD, at no point in this case has Rojas ever alleged that the Renfro SPD did not contain the information required by section 1022(a) and (b) or that it did not "reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). The terms of the SPD are clear, including the arbitration provision. Rojas' claims are based on a failure to disclose information other than the rights and obligations detailed in the SPD and the plan.

These facts also support rejection of Defendants' attempt to argue that Rojas' claims address "areas of exclusive federal concern," such as the accuracy of the SPD or Renfro's fiduciary obligations under ERISA. (Defendants' Brief at 14-18.) Again, Rojas has not alleged that the terms

of the plan or the SPD somehow failed to comply with ERISA. Renfro's compliance with its statutory obligations under ERISA is simply not at issue here.

Defendants are also wrong in contending that Rojas' claims would not exist if the Renfro plan were not an ERISA plan. (Defendants' Brief at 16.) Defendants have identified no statutory provision in ERISA that *required* them to include in the summary plan description the details of the interrelationship between Renfro and DSI, the designated arbitrator, and the attorney who prepare the arbitration provisions. Such an obligation arises solely from Texas law that imposed a duty on Renfro to disclose that interrelationship because Renfro created a false impression by making a partial disclosure, and/or voluntarily disclosed some information and therefore had a duty to disclose the whole truth. *Guevara v. Lackner,* 447 S.W.3d 566, 578 (Tex. App. – Corpus Christi-Edinburg 2014, no pet.). That obligation exists entirely separately from ERISA and even from Renfro's status as an ERISA fiduciary. That Texas also imposes a duty to disclose on a fiduciary does not transform Rojas' state-law claims into claims that are entirely based on ERISA or are so related to ERISA that they enter an area of exclusive federal concern and are therefore are preempted.

Instead, Rojas is alleging the very type of fraud and fraudulent inducement claims that the Fifth Circuit in *Hobson v. Robinson,* 75 Fed. Appx. 949 (5th Cir. 2003), and this Court in *Westfall v. Bevan,* 2009 WL 111577 (N.D. Tex. 2009), have recognized are not preempted. As the *Hobson* court noted, the "critical factor" in ruling on the preemption issue is whether the fraudulent inducement claim would "require interpretation and administration of the ERISA policy …." *Hobson,* 75 Fed. Appx. at 955. Rojas' nondisclosure, fraudulent inducement, and conspiracy claims are based on allegations that Renfro failed to disclose information extraneous to the terms of the ERISA plan and the SPD. She alleges that when she agreed to waive her right to seek redress in court and submit any disputes with Renfro to arbitration presided over by an arbitrator selected by

DSI – all of which is clearly spelled out in the SPD – Renfro did not also tell her that Renfro had hired DSI and/or ECS to prepare its arbitration documents, that that the arbitration documents had been prepared by an attorney with a professional relationship with DSI and/or ECS, and Sarles, an attorney with a professional relationship with and interest in DSI and/or ECS, also represented Renfro. These are not plan terms. These are facts that Texas law required Renfro to disclose, and as in *Hobson,* they "do not require interpretation or administration of the ERISA plan." *Id.* Accordingly, the claims are not preempted under section 502(a)(2).

  **B.** **Because Rojas is not Seeking to Enforce the Provisions of ERISA or the Terms of an ERISA Plan, Her Claims are not Preempted by Section 502(a)(3).**

Rojas' injunction claim also does not fall under ERISA section 502(a)(3). The Supreme Court has described this subsection as the "catch-all" provision that provides equitable relief when there are violations of ERISA that are not addressed by any other civil-enforcement provision. *See Varity Corp v. Howe*, 516 U.S. 489, 512, (1996). A plan participant, beneficiary, or fiduciary can invoke this provision to bring a civil action to enjoin acts or practices that violates any provision of ERISA or the terms of an ERISA plan or to enforce the provisions of ERISA or the terms of a plan. See 29 U.S.C. § 1132(a)(3). By its language, however, section 502(a)(3) "is limited to redressing violations of ERISA or the terms of a plan." *Arnold v. Bradley,* 2008 U.S Dist. LEXIS 93715, No. 4:08-cv-170-Y (N.D. Tex. July 25, 2008) (Means, J.). In *Westfall,* this Court explained that the remedies in section 502(a)(3) "are available only when the plaintiff seeks to enforce the provisions of ERISA or the terms of a plan or to redress violations of either." *Westfall,* 2009 WL 111577 at *9.

In the *Westfall* case*,* this Court rejected a similar attempt by defendants to invoke section 502(a)(3) where the plaintiffs did not seek to enforce ERISA or the terms of an ERISA plan. *Id.* The *Westfall* defendants attempted to distinguish Judge Means' decision in *Arnold*, Judge Fish's

decision in *Cotner v. Hartford Life & Annuity Ins. Co.,* 2008 WL 59174 (N.D. Tex. 2008), and the Fifth Circuit's decision in *Hobson v. Robinson,* 75 Fed. Appx. 949 (5th Cir. 2003), by asserting, as Defendants do here, that, unlike in *Hobson, Cotner,* and *Arnold,* their fraudulent conduct occurred after the ERISA plan had been created. *Westfall,* 2009 WL 111577 at *6-7. Citing *Hobson,* this Court recognized that the "timing of plan formation is not the crucial factor in ERISA preemption." *Id.* at *7, *quoting Hobson,* 75 Fed. Appx. at 954. Instead, this Court indicated that "the relationship between the Westfalls and the defendants that is implicated by the fraudulent inducement claim does not derive from ERISA or the terms of the [ERISA] plan. Rather, it derives from state common law and statutes proscribing various forms of misrepresentation." *Westfall,* 2009 WL 111577 at *7. That is also the situation here. Rojas' claims against Defendants are based on Texas common law proscribing misrepresentations and placing on individuals and entities a duty to disclose information under certain circumstances. As noted, Rojas would have the same claims against Defendants if there was no ERISA plan. *See Westfall,* 2009 WL 111577 at *9 (no preemption where plaintiffs' "claims would exist even if the Millennium Plan were not an ERISA plan"). She is not seeking an injunction to enforce ERISA or the terms of the plan. Her claims are based entirely on duties and obligations arising under Texas law, and the injunction she seeks is based on those duties and obligations, not on ERISA or any plan terms.

## Conclusion

Based on the foregoing, Rojas asks the Court to grant her motion and remand this case to Texas court.

**Reply in Support of Plaintiff's Motion to Remand – Page 5**

        Respectfully submitted,

        **MILLER WEISBROD, LLP**
        11551 Forest Central Drive
        Forest Central II, Suite 300
        P. O. Box 821329 (75382)
        Dallas, Texas 75231
        (214) 987-0005
        (214) 987-2545 (Facsimile)

By:   /s/ Lawrence R. Lassiter
        **CLAY MILLER**
        State Bar No. 00791266
        cmiller@millerweisbrod.com
        **LAWRENCE R. LASSITER**
        State Bar No. 11969850
        llassiter@millerweisbrod.com

        And

        **HOUSTON SMITH**
        houstonsmith@aol.com
        **LAW OFFICES OF HOUSTON M. SMITH, P.C.**
        210 East Moore
        Terrell, Texas 75160
        (972) 524-1903
        (972) 524-1992– FAX

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served through the Court's ECF system on this 18th day of December, 2016 on the following counsel of record.

| | |
|---|---|
| Curtis L. Marsh, Esq. | Gary D. Sarles |
| curtis.marsh@airmail.net | gsarles@aarleslaw.aom |
| Law Firm of Curtis L. Marsh, PLLC | O. Paul Dunagan |
| 370 Founders Square | dunagan@sarleslaw.com |
| 900 Jackson Street | Sarles & Ouimet |
| Dallas, Texas 75202 | 370 Founders Square |
| | 900 Jackson Street |
| | Dallas, Texas 75202 |

          /s/ Lawrence R. Lassiter_____
Lawrence R. Lassiter

**Reply in Support of Plaintiff's Motion to Remand – Page 7**