IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA ROJAS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | Civil Action No. 3:16-CV-2896-D |
| § | | |
| RENFRO INDUSTRIES, INC, et al., § | | |
| § | | |
| Defendants. § | | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to remand presents the question whether this action was removable based on complete preemption under ERISA.[1] Concluding that defendants have failed to establish that any of plaintiff's state-law claims is completely preempted, the court grants plaintiff's motion and remands this case to state court.

I

Plaintiff Maria Rojas ("Rojas'") is employed by defendant Renfro Industries, Inc. ("Renfro"). Renfro did not provide Rojas with worker's compensation insurance. Instead, Renfro offered an "Employee Injury Benefit Plan" ("the Plan") created under ERISA. Am. Pet. ¶ 4.06. To participate in the Plan, Rojas was required to sign an "Election and Arbitration Agreement" ("Arbitration Agreement") that provided that any dispute be resolved by binding arbitration before an arbitrator appointed by defendant DSI Dispute Solutions, Inc. ("DSI"). Am. Pet. ¶¶ 4.06-07. According to Rojas' state-court first amended original

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

petition ("Amended Petition"), DSI and/or defendant Essential Corporate Solutions, Inc. ("ECS") hired Gary Sarles, Esquire ("Sarles") to draft the Arbitration Agreement. Sarles also represents Renfro as defense counsel when it is sued.

Rojas injured herself on the job while operating a press machine. She alleges that the machine "was without a guard or any effective guarding pursuant to industry and safety regulations." Am. Pet. ¶ 4.04. Rojas sued defendants in state court, asserting claims of negligence, gross negligence, fraud by nondisclosure, fraudulent inducement, and civil conspiracy. Rojas also requested an injunction prohibiting DSI from arbitrating any claim between Rojas and Renfro.

Defendants removed the case to this court, asserting that Rojas' claims for fraud by nondisclosure, fraudulent inducement, and civil conspiracy, and her request for an injunction, are completely preempted by ERISA. Rojas moves to remand, contending that ERISA does not apply and that the court lacks subject matter jurisdiction. Defendants oppose the motion.

II

As the removing parties, defendants "[have] the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that

they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441 (1997), is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Ordinarily, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "There is an exception, however, to the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

> "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."

*Id.* at 207-08 (alterations in original) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Thus because Rojas' Amended Petition does not assert claims under federal law, and because defendants do not contend that the court has diversity jurisdiction,

defendants can establish removal jurisdiction only if ERISA completely preempts one or more of Rojas' state-law claims. *See, e.g.*, *Westfall v. Bevan*, 2009 WL 111577, at *2 (N.D. Tex. Jan. 15, 2009) (Fitzwater, C.J.).

Complete preemption is available under ERISA § 502, the statute's civil-enforcement provision, which "Congress intended to be the exclusive vehicle for suits by a beneficiary to recover benefits from a covered plan." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990); *see also, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)). "A state-law claim that is completely preempted under § 502 is transformed into a new federal claim." *Cardona v. Life Ins. Co. of N. Am.*, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009) (Fitzwater, C.J.). In other words, complete preemption "eliminates the state-law claim" and "replaces [it] with a federal claim." *Id.* "'Because they are recast as federal claims,' state-law claims that are completely preempted provide a basis for removal." *Westfall*, 2009 WL 111577, at *3 (quoting *McLaren v. RailAmerica, Inc.*, 2001 WL 366431, at *2 (N.D. Tex. Mar. 21, 2001) (Fitzwater, J.)).

III

Rojas maintains that this case should be remanded because none of her claims is completely preempted by ERISA. Defendants contend that Rojas' claims for fraud by nondisclosure and fraudulent inducement, and a derivative claim for civil conspiracy, are preempted by § 502(a)(2), and that her request for an injunction is preempted by § 502(a)(3).

A

Section 502(a)(2) preempts all suits involving ERISA-governed plans "brought by a participant, beneficiary or fiduciary for appropriate relief" for a breach of fiduciary duty under ERISA § 409. 29 U.S.C. § 1132(a)(2). And § 502(a)(3) preempts suits

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

*Id.* at § 1132(a)(3).

Section 409(a) imposes personal liability on fiduciaries to restore any loss to a plan resulting from a breach of "any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter[.]" *Id.* at § 1109(a). Except for a few general duties, "ERISA does not expressly enumerate the particular duties of a fiduciary, but rather relies on the common law of trusts to define the general scope of a fiduciary's responsibilities." *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 412 (5th Cir. 2003) (internal quotation marks omitted). Whether a defendant is an ERISA fiduciary depends not on the timing of plan formation, but on "the relationship between the parties involved in the claim itself and whether that claim

is intricately bound with an ERISA plan." *Hobson v. Robinson*, 75 Fed. Appx. 949, 955 (5th Cir. 2003) (per curiam). In other words, if the legal duties imposed on the relationship "derive[] from state common-law claims, not the ERISA plan[,]" the claim is not preempted. *Id*. at 956.

Defendants contend that Rojas' claims are based on two fiduciary duties: a common law duty to disclose, and a statutory duty to file a complete and accurate summary plan description ("SPD") under § 101 of ERISA, 29 U.S.C. § 1021. They maintain that the common law of trusts, and therefore ERISA, imposes on fiduciaries "the duty to communicate to a plan participant 'all material facts the [fiduciary] knows or should know in connection with the matter.'" Ds. Br. 11 (alteration in original) (quoting *Kujanek v. Hous. Poly Bag I, Ltd.*, 658 F.3d 483, 487-88 (5th Cir. 2007)). Defendants contend that Rojas' fraud and conspiracy claims are "intricately bound with [the] ERISA plan" so as to be completely preempted and converted into claims for breach of fiduciary duty under ERISA. *See Hobson*, 75 Fed. Appx. at 954.

B

The court concludes that defendants have not met their burden to show that Rojas' claims could have been brought as a claim for breach of fiduciary duty under ERISA § 502(a)(2). Complete preemption only occurs when the state cause of action "seek[s] the same relief" as an ERISA claim. *McGowin,* 363 F.3d at 559. Even assuming *arguendo* that Rojas is seeking relief for a breach of fiduciary duty, her state-law claims do not seek the *same relief* as would a claim under § 502(a)(2). A § 502(a)(2) claim can only be brought by

an individual to remedy injuries to the value of the entire plan, or, when the plan is a defined contribution plan, to recover for breaches that impair the value of plan assets in an individual's account. *LaRu v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 (2008). Rojas does not allege that defendants' actions harmed the Plan, and she does not seek any recovery of injuries to the Plan or to her account. Accordingly, the court concludes that ERISA does not preempt her claims on this basis.

IV

Defendants also contend that Rojas' claims are preempted because they "relate to" ERISA.[2]

A

To determine whether a claim "relates to" ERISA and thus warrants preemption, the

---

[2] Defendants appear to present this as a separate basis for preemption, but the "relates to" standard is typically limited to whether *ordinary* or *conflict* preemption applies under ERISA § 514(a), not to whether *complete* preemption applies. *See, e.g., E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 799-800 (5th Cir. 2008); *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 413-14 (5th Cir. 2001). But the Fifth Circuit has considered one or both of these factors in analyzing the preemption of removed fraudulent inducement claims. *See, e.g., Hobson*, 75 Fed. Appx. at 953-56; *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1992); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 947 (5th Cir. 1995); *see also Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F.Supp.2d 760, 766 (E.D. La. 2008) (noting that "some cases include analyses about the propriety of removal within the context of ERISA § 514(a)'s 'relates to' standard without discussing § 502(a)," and citing *Hobson* and *Perkins*). District courts within the Fifth Circuit have done so as well. *See, e.g., Westfall*, 2009 WL 111577, at *5 n.3 (applying two-factor test to analyze complete preemption under § 502(a)); *Cotner v. Hartford Life & Annuity Ins. Co.*, 2008 WL 59174, at *4 (N.D. Tex. Jan. 4, 2008) (Fish, J.) (same); *Arnold v. Bradley*, No. 4:08-CV-170-Y, slip op. at *9 (N.D. Tex. July 25, 2008) (Means, J.) (same). Therefore, the court will consider Fifth Circuit cases discussing preemption of removed fraudulent inducement claims under the "relate to" standard and the two-prong test developed under it.

court considers whether "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) [whether] the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001). Defendants contend that Rojas' claims address two areas of exclusive federal concern: (1) the accuracy of the SPD, and (2) the plan administrator's fiduciary obligations.

B

Under ERISA, an administrator must supply each participant with a complete and accurate SPD. *See* 29 U.S.C. § 1021(a). ERISA § 102 details what information must be in the SPD, including descriptions of benefits, procedures, remedies, and other information relevant to an ERISA plan. *See id.* at § 1022. Defendants do not identify any allegation by Rojas that the SPD they supplied her did not include information that § 102 requires. Rojas' sole assertion is that the failure to disclose an alleged conflict of interest tainted the entire agreement. Section 102 does not require that administrators disclose potential conflicts of interest, and the court thus concludes that Rojas' claims are not preempted based on ERISA's SPD requirements.

C

Defendants identify the fiduciary relationship between a plan administrator and beneficiary as another area of exclusive federal concern. Whether an employer is a fiduciary, and thus is subject to fiduciary duties, depends on the function being performed. *Martinez*,

338 F.3d at 412. An employer is subject to fiduciary duties under ERISA only to the extent it is performing three specific functions:

> (i) exercising "any discretionary authority or discretionary control respecting management of [a benefits] plan or exercis[ing] any authority or control respecting management or disposition of its asset"; (ii) rendering "investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan," or having "any authority or responsibility to do so"; or (iii) having "any discretionary authority or discretionary responsibility in the administration of" the plan.

*Id.* at 412-13 (quoting 29 U.S.C. § 1002(21)(A)). The threshold inquiry is thus whether "that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Id.* at 413 (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)). Neither side has made any allegation that could show that defendants were performing one of these three functions when they allegedly failed to disclose Sarles's conflict of interest. Accordingly, the court holds that Renfro did not have an actionable fiduciary duty under ERISA to make the disclosures at issue, and thus the fiduciary relationship is not implicated.

Defendants also contend that Rojas' explicit mention of fiduciary duty in her petition indicates that the claims address an area of exclusive federal concern. In support of both her fraud by nondisclosure and fraudulent inducement claims, Rojas alleges that "Renfro had a duty to disclose the information, *inter alia*, because, as an administrator of a Plan it claimed was created under [ERISA], Renfro was a fiduciary and therefore had a fiduciary relationship with Rojas, a beneficiary of the Plan." Am. Pet. ¶¶ 6.07 & 7.07. Defendants contend that

this amounts to an admission that the fiduciary duty is of central importance to Rojas' claims.

This argument misunderstands the doctrine of complete preemption. Either the well-pleaded complaint rule applies, in which case the court accepts the claims on the face of the complaint, or complete preemption applies, in which event the court looks beyond the face of the complaint so that the "plaintiff is not master of [her] claim[.]" 13D Charles A. Wright, et al., *Federal Practice and Procedure* § 3566, at 296 (3d ed. 2008). If the well-pleaded complaint rule applies, the court must accept Rojas' framing of her claims as solely arising under state law. And if complete preemption applies, the court may go beyond the pleadings to make the critical determination of what was "the relationship between the plaintiff[] and defendants and what duty the law imposed upon that relationship." *Hobson*, 75 Fed. Appx. at 955. As discussed above, the court concludes that ERISA imposed no fiduciary duty on the relationship.

D

As to the second factor of the "related to" analysis, defendants submit that Rojas' claims "involve the traditional, fiduciary relationship under ERISA between Plan Participant and Plan Administrator." Ds. Br. 19. The court disagrees for the reasons already explained. *See supra* § IV(C). Accordingly, the court concludes that defendants have failed to meet their burden to show that Rojas' claims are "related to" ERISA so as to warrant complete preemption.

V

Defendants also argue that § 502(a)(3) preempts Rojas' claims because she seeks injunctive relief. Section 502(a)(3) creates a federal right of action for

> a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3). Defendants have not pointed to any violation of the Plan or of ERISA that Rojas seeks to enforce with her injunction. *See Martin v. Martin Res. Mgmt. Corp.*, 2011 WL 13143587, at *5 (S.D. Tex. Oct. 12, 2011) (holding request for equitable relief not preempted because defendants did not show that equitable relief would enforce provisions of ERISA or ERISA plan). Rather, Rojas' requested injunction would only declare that the arbitration clause is void, which, as the court discusses *supra* at § IV, does not implicate the Plan. The court therefore concludes that defendants have failed to carry their burden to show that Rojas' request for an injunction is completely preempted by § 502(a)(3) of ERISA.

\* \* \*

For the reasons explained, Rojas' motion to remand is granted. The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 101st Judicial District Court of Dallas County, Texas. The clerk shall effect the

remand according to the usual procedure.³

**SO ORDERED**.

June 23, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

³The court denies Rojas' motion for leave to file a second amended complaint as moot. The state court on remand should be permitted to decide whether Rojas should be given leave to amend.